## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cephas B. Jimmy, | : |
| Plaintiff, | : |
| | : Civil Action No. 11-7858 |
| v. | : |
| | : |
| Elwyn, Inc., | : |
| Defendant. | : **JURY TRIAL DEMANDED** |
| | : |

### ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Defendant Elwyn's Motion to Dismiss and any response thereto, it is hereby **ORDERED** that said motion is **GRANTED** and Plaintiff's claims related to the alleged July 2009 disciplinary action are dismissed with prejudice.

_____
J.

14180-06217/01/7796287.v1

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**
**BY:** John P. Gonzales, Esquire
ID# 71265
**BY:** Genelle Franklin, Esquire
ID# 205504
1845 Walnut Street
Philadelphia, PA 19103
(215) 575-2871

---

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Cephas B. Jimmy, | : |
|            Plaintiff, | : |
| | : Civil Action No. 11-7858 |
|       v. | : |
| | : |
| Elwyn, Inc., | : |
|            Defendant. | : **JURY TRIAL DEMANDED** |
| | : |

**<u>DEFENDANT ELWYN, INC.'S MOTION TO DISMISS</u>**

Defendant Elwyn, by and through undersigned counsel, hereby submits this Motion to Dismiss the claims of Cephas B. Jimmy related to a July 2009 incident and subsequent disciplinary actions.

Defendant Elwyn hereby moves this court to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6).  In support of this motion, and pursuant to Local Rule 7.1, Defendant hereby incorporates its memorandum of law dated April 11, 2012.  For the reasons set forth in the aforementioned memorandum, Defendant hereby requests that Plaintiff's claims be dismissed with prejudice.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**


BY:    _s/ John P. Gonzales_____
       JOHN P. GONZALES, ESQUIRE
       Marshall, Dennehey, Warner, Coleman & Goggin
       1845 Walnut Street,
       Philadelphia, PA 19131
       (215) 575-2871 (p)
       (215) 575- 0856 (f)
       _Attorney for Defendant_


DATE:  April 11, 2012

2

14180-06217/01/7796287.v1

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** John P. Gonzales, Esquire
ID# 71265
**BY:** Genelle Franklin, Esquire
ID# 205504
1845 Walnut Street
Philadelphia, PA 19103
(215) 575-2871

_____

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cephas B. Jimmy, | : |
|        Plaintiff, | : |
| | : Civil Action No. 11-7858 |
|    v. | : |
| | : |
| Elwyn, Inc., | : |
|        Defendant. | : **JURY TRIAL DEMANDED** |

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>DEFENDANT ELWYN, INC.'S MOTION TO DISMISS</u>

Defendant Elwyn, by and through undersigned counsel, hereby file this memorandum of law in support of Defendant's Motion to Dismiss.

## I.      <u>INTRODUCTION AND PROCEDURAL HISTORY</u>

On December 27, 2011, Plaintiff filed a Complaint with the Court alleging claims of discrimination and retaliation pursuant to Title VII, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act.  Prior to initiating this action, Plaintiff filed a complaint with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission on April 7, 2011.  The EEOC issued a right to sue letter on December 22, 2011.

II.        **FACTUAL BACKGROUND**

Plaintiff began employment with Elwyn as a Residential Counselor on February 4, 2002. Complaint at ¶¶ 9 and 10.  From the time he was hired until 2009, Plaintiff was consistently told that he was a good employee.  Complaint at ¶ 11.  However, Plaintiff alleges that after he provided favorable deposition testimony in support of a former Elwyn employee's discrimination claim on January 16, 2009, he was subjected to discriminatory and retaliatory treatment by Elwyn.

Specifically, Plaintiff alleges that after he provided favorable testimony in Ms. Keita's case, Elwyn's management began telling Plaintiff that he was a "bad employee" without providing any basis for any statements of that nature.  Complaint at ¶12.  Plaintiff further alleges that on or about July 15, 2009, he was subjected to a retaliatory 3 day suspension for refusal of a reasonable work assignment.  Complaint at ¶15.  Further, during a disciplinary hearing related to the July 15, 2009 events, Elwyn refused to allow Plaintiff his own selection of a shop steward. Complaint at ¶16.

Finally, on December 22, 2010, Plaintiff was suspended without pay due to allegations that he failed to provide the "appropriate level of supervision" and implemented an unauthorized restraint of a consumer.  Complaint at ¶18.  Plaintiff was subsequently terminated on January 7, 2011 as a result of the same incident.   Complaint at ¶18.

Plaintiff dual filed charges with the PHRC and EEOC on April 7, 2011 by submitting a complaint to the PHRC.  This complaint also alleged that he as subjected to discrimination based on his national origin and subjected to retaliatory discipline because he provided favorable testimony in the case of Serengbe Keita.  See Complaint of Cephas Jimmy filed with the PHRC, attached hereto as Exhibit "A".

2

### III.      LEGAL STANDARD

In order to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Griffin-El v. Beard, Civil Action No. 06-2719, 2009 U.S. Dist. 92975 (E.D. Pa. Oct, 6, 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, supra, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

To the extent that the July 2009 incident provides a basis for Plaintiff's claims of discrimination and retaliation pursuant to Title VII, Section 1981, and the PHRA, these claims are barred by the applicable statutes of limitation.  Although, parties are not generally permitted to raise a statute of limitation defense in a motion pursuant to Rule 12(b)(6), the Third Circuit allows parties to do so where the statement of the claim shows that it has not been brought within the statute of limitations.  Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d. Cir.

3

1975).  Plaintiff's claims under Title VII, 42 U.S.C. § 1981, and the PHRA, as they relate to the alleged July 15, 2009 incident, are barred by the applicable statutes of limitations.

    IV.        **<u>ARGUMENT</u>**

      "Under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., a charge of race discrimination in employment must be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the alleged unlawful employment practice."  <u>Burgh v. Borough Council of Montrose</u>, 251 F.3d 465 (3d Cir. 2001).  However, the period for filing the charge with the EEOC is extended to 300 days if the complainant also initiates a complaint with a parallel state agency such as the PHRC.  <u>Id.</u>  See also 42 U.S.C.S. § 2000e-5(e)(1).

      Plaintiff initiated agency charges by dual filing a complaint with the PHRC on April 7, 2011 and is therefore entitled to the 300 day period for filing claims with the EEOC.  Thus, under extended period for filing with the EEOC, the deadline for filing an EEOC charge related to the July 15, 2009 incident was May11, 2010.  Plaintiff did not submit his charge to the PHRC until April 7, 2011, almost a year after the 300 day period ended.  Thus, Plaintiff's claims of discrimination and retaliation pursuant to Title VII are untimely and should be dismissed with prejudice.

      As Plaintiffs charges were not filed with the PHRC within 300 days of the July 15, 2009 incident, it is clear that Plaintiff could not have met the 180 day filing requirement for PHRA claims.  To satisfy the PHRA filing requirements, a plaintiff must file charges with the PHRC within 180 days of the alleged discriminatory act. <u>Rosenberg v. Vuotto</u>, 2010 U.S. Dist. LEXIS 114283, 25 (E.D. Pa. October 26, 2010) (citing <u>Sharp v. BW/IP Int'l</u>, 991 F. Supp. 451, 457 (E.D. Pa. 1998)).  See also <u>Burgess –Walls v. Brown</u>, 2011 U.S. Dist. LEXIS 94087, 9-10 (E.D. Pa. August 22, 2011).  "If a plaintiff fails to file a timely complaint with the PHRC, then he or

she is precluded from judicial remedies under the PHRA." Id. (citing Woodson, 109 F.3d at 925). Thus, Plaintiff's PHRA claims are also beyond the applicable statute of limitations.

Additionally, Plaintiff's claims pursuant to Section 1981 are time-barred as well.  The limitations period for claims under Section 1981 is determined by state law.  Gasper v. Merck & Co., 118 F.Supp.2d 552, 556 (E.D. Pa. 2000).  Pennsylvania's two year personal injury statute of limitations is the applicable limitations period for Section 1981 claims.  Id. at 556-557.  The limitations period begins to run on the date of the alleged injury and is not tolled by the timely filing of an EEOC charge.  Id. (citing Goodman v. Lukens Steel Co. 482 U.S. 656 (1987) and Johnson v. Railway Exp. Ag. Inc., 421 U.S. 454 (1975)).

Applying this limitations period, any claims pursuant to Section 1981 related to the July 15, 2009 incident needed to be filed with the court by July 15, 2011.  Plaintiff's Complaint in this matter was not filed until December 30, 2011, five months after the expiration of the limitations period.  Therefore, Plaintiff has failed to timely file his Section 1981 claims for discrimination and retaliation related to the July 15, 2009 incident and these claims should be dismissed with prejudice.

## V.        CONCLUSION

As Plaintiff's claims regarding the July 2009 incident are barred by the applicable statutes of limitation, Defendant respectfully requests that these claims be dismissed with prejudice.

5

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:    _s/ John P. Gonzales_
JOHN P. GONZALES, ESQUIRE
ID#  PA71265
1845 Walnut Street
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
*Attorney for Defendant*

DATE:  April 11, 2012

6

14180-06217/01/7796287.v1

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** John P. Gonzales, Esquire
ID# 71265
1845 Walnut Street
Philadelphia, PA 19103
(215) 575-2871

---

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cephas B. Jimmy, | : |
|         Plaintiff, | : |
| | :  Civil Action No. 11-7858 |
|     v. | : |
| | : |
| Elwyn, Inc. | : |
|         Defendant. | : **JURY TRIAL DEMANDED** |
| | : |

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendant Elwyn, Inc.'s Motion to Dismiss, was electronically filed with the Court on April 11, 2012, and is available for viewing and downloading from the ECF System. Plaintiff's counsel was served via electronic notification.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:    *s/John P. Gonzales*
           JOHN P. GONZALES, ESQUIRE
           ID#  PA71265
           1845 Walnut Street
           Philadelphia, PA 19103
           (215) 575-2871 Fax (215) 575-0856
           Email:  jpgonzales@mdwcg.com
           *Attorney for Defendant*

DATE: April 11, 2012